J. S82022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC DELVONNE SMITH, | : | |
| | : | |
| Appellant | : | No. 377 MDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Northumberland County
Criminal Division at No.: CP-49-CR-0000883-2014

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                           **FILED JANUARY 10, 2017**

Appellant, Eric Delvonne Smith, appeals from the Judgment of

Sentence of 12 to 36 months' incarceration entered by the Northumberland

County Court of Common Pleas following his conviction by a jury of one

count of Terroristic Threats and two counts of Disorderly Conduct.[1]  After

careful review, we affirm.

The trial court stated the relevant facts in its Pa.R.A.P. 1925(a)

Opinion as follows:

> At trial, the Complainant, Glenn Snyder, testified that on July 31,
> 2014 at approximately 10:00 p.m. he heard an adult and child
> screaming outside of his home.  Mr. Snyder walked onto his
> porch and saw [Appellant] holding a dog down in the middle of

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 2706(a)(1), 18 Pa.C.S. § 5503(a)(1), and 18 Pa.C.S. §
5503(a)(4), respectively.

the street. He further stated that [Appellant] was yelling at passing cars telling them to run over the dog. The dog was owned by Megan Catalinas, [Appellant's] girlfriend at the time of the incident. Megan's daughter, a young child, was screaming and crying as her dog was being held down. Multiple neighbors came out of their houses and told [Appellant] to let go of the dog. Mr. Snyder also told [Appellant] to release the dog to no avail. Mr. Snyder stated he came off of his porch when [Appellant] pushed Megan Catalinas as she attempted to free her dog. At this point [Appellant] turned his aggression towards Mr. Snyder and was "going up and down the street punching cars, screaming at everybody[."] A verbal altercation occurred between Mr. Snyder and [Appellant,] and [Appellant] told Mr. Snyder to "go back in the house you fat piece of crap and I'll F your wife in the A." [Appellant] screamed at Mr. Snyder and told him he was "going to light up [his] house like a light bulb." At that point Mr. Snyder called police because he felt threatened by [Appellant's] remarks as he believed [Appellant] was going to light his house on fire.

Judy Snyder, the wife of Glenn Snyder, also testified at trial. She told a similar story as Mr. Snyder and stated [Appellant] threatened to "light our house up like a Christmas tree[."] Mrs. Snyder believed [Appellant] was going to set her house on fire. Megan Catalinas and a neighbor also testified at [trial] and corroborated the testimony of Mr. and Mrs. Snyder.

[Appellant] in his own defense at trial admitted he told Mr. Snyder he was going to "light his house up" but stated he did not mean it as a threat. The jury considered and ultimately rejected his testimony.

Trial Court Opinion, filed 6/23/16, at 2-3.

On August 27, 2015, the jury convicted Appellant of Terroristic Threats and two counts of Disorderly Conduct. On February 22, 2016, the trial court sentenced Appellant to an aggregate term of 12 to 36 months' incarceration.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

Did not the Commonwealth fail to prove beyond a reasonable doubt that the defendant committed the offense of terroristic threats on July 31, 2014?

Appellant's Brief at 4.

We review challenges to the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014).

The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. at 40. Moreover, the trier of fact may base a conviction solely on circumstantial evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id*. at 39-40.

The Crimes Code defines Terroristic Threats, in relevant part, as follows:

### § 2706. Terroristic Threats

**(a) Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize another[.]

18 Pa.C.S. § 2706(a)(1).

This Court has previously explained the contours of a Terroristic Threat as follows:

> The purpose of [S]ection 2706 is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger. As this Court has stated, "the real issue is whether the Commonwealth presented sufficient evidence to establish the required *mens rea*, not whether Appellant made the statements in the context of a heated discussion. Being angry does not render a person incapable of forming the intent to terrorize."

***Commonwealth v. Walls***, 144 A.3d 926, 936 (Pa. Super. 2016) (citations omitted).

The trial court summarily rejected Appellant's sufficiency challenge in its Pa.R.A.P. 1925(a) Opinion. **See** Trial Court Opinion, filed 6/23/16, at 3 ("It is clear that, in viewing the evidence in the light most favorable to the verdict winner, there was sufficient evidence to support the jury's determination."). We agree.

Appellant threatened to commit several crimes, including arson or a shooting and sexual assault. When the police arrived, Appellant said "he didn't care who he got a citation from because he would just play the system like [he] always [does] and [he'll] admit [himself] to the nut house and [he] won't have to pay fines." N.T. Trial, 8/27/15, at 27. Appellant later returned and hit Mr. Snyder after the police left, confirming his settled intent. **Id**. at 30.

Appellant's actions under the totality of the circumstances demonstrated a settled intent to terrorize rather than a spur-of-the-moment threat falling outside the ambit of Section 2706(a)(1). Appellant's arguments to the contrary are unavailing.

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of the offense. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017